UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD KAPCHE, ET AL, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-83 |
| | § | |
| PHILIP SEIFERT, ET AL, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

The above-styled case has been removed to this court pursuant to diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. Dkt. 1. "[Courts] have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235, 1244 (2006). The party seeking removal to the federal forum based on diversity bears the burden of establishing that the requirements are satisfied. *Garcia v. Kock Oil of Tex., Inc.* 351 F.3d 636, 638 (5th Cir. 2003). To establish subject-matter jurisidcition predicated on diversity, there must be complete diversity of citizenship among the parties, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. For jurisdictional purposes, the citizenship of the members of an unincorporated entity, such as an L.P., or L.L.C., is determined by looking at the citizenship of all of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-88, 110 S.Ct. 1015 (1990). When there is a defective allegation of citizenship in the notice of removal, a party may amend the notice to cure the defect. *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir. 1979). The court finds that the defendants have made defective allegations of citizenship by not demonstrating the citizenship of all of the partners of plaintiffs RK Resources, L.L.C. and RK Resources Partners, L.P., and defendant Liberty Capitol, L.L.C.

Accordingly, it is ORDERED that defendant amend its notice of removal to cure this defect within 30 days of the date of this order.

It is so ORDERED.

Signed at Houston, Texas on September 12, 2006.

_____
Gray H. Miller
United States District Judge